UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FERNANDO BENTO DE SOUZA, | ) ) ) | |
| Petitioner, | ) | |
| v. | ) | Civil No. 18-12013-LTS |
| STEVE SOUZA, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON PENDING MOTIONS

January 7, 2019

SOROKIN, J.

 After spending two months in immigration custody, Fernando Bento De Souza filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenged his detention, citing violations of federal immigration statutes and regulations and of his federal constitutional rights. See generally Doc. No. 1. The respondent has moved to dismiss the petition, asserting that this Court lacks jurisdiction over De Souza's claims and, alternatively, that the petition fails to state a claim entitling De Souza to the relief he seeks. See generally Doc. Nos. 14, 15. De Souza opposed the motion, Doc. No. 18, and filed an emergency request to expedite consideration of the habeas petition, to release De Souza from custody, and to prevent his removal pending the outcome of ongoing immigration proceedings and applications, Doc. Nos. 19, 21.[1] Yesterday, the respondent notified the Court that De Souza will be removed to Brazil within the next ten days. Doc. No. 22.

---

[1] De Souza's assented-to motion for leave to file a memorandum in support of this motion which exceeds the usual page limits (Doc. No. 20) is ALLOWED.

The Court has closely reviewed all submissions by both parties in this action. As De Souza plainly articulates claims which are appropriately raised in a habeas petition, the Court rejects the respondent's jurisdictional argument. De Souza's petition cannot be fairly read as simply seeking review of a removal order or as an effort to appeal a detention decision. Rather, it asserts violations of federal statutes and constitutional guarantees, which are squarely within this Court's jurisdiction. See Carranza v. I.N.S., 277 F.3d 65, 71 (1st Cir. 2002) ("Federal courts . . . retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent that those petitions are based on colorable claims . . . that an alien's statutory or constitutional rights have been violated.").

De Souza's petition and his emergency motion skillfully marshal a set of very compelling facts.[2] This Court, however, may not resolve the legal questions presented in a habeas petition based on equitable considerations. After careful deliberation, and because De Souza's case presents circumstances which differ in material ways from those confronted by other sessions of this Court in cases upon which De Souza relies, the Court is bound to conclude that De Souza has not stated a legally supported claim entitling him to the relief he seeks.

Accordingly, the respondent's motion to dismiss (Doc. No. 14) is ALLOWED, De Souza's emergency motion (Doc. No. 19) is DENIED, and the petition is DISMISSED.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[2] During thirteen years living in this country since the issuance of an order of removal, De Souza has started and registered a small business employing several other individuals, has supported his U.S.-citizen children and his wife, has bought a home for his family and paid the mortgage thereon, has committed no crimes, and has initiated legal measures aimed at obtaining lawful status in this country.